IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable A. Bruce Campbell

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ROBERT D. MORDINI, JR., | ) | Case No. 11-15491 ABC |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | | |
| LAR MHP HOLDINGS, LP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. Pro. No. 11-1920 ABC |
| v. | ) | |
| | ) | |
| ROBERT D. MORDINI, JR., OH MHP SUBSURFACE INVESTORS, LLC, LAR MHP, LLC, and JEANNE JAGOW, Chapter 7 Trustee, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | | |

**ORDER DISMISSING CERTAIN CLAIMS AND VACATING
PRIOR ORDERS ON THOSE CLAIMS FOR LACK OF SUBJECT MATTER
JURISDICTION**

At the March 6, 2013 status conference in this adversary proceeding, the Court directed the parties to file briefs regarding this Court's subject matter jurisdiction over the claims between Plaintiff LAR MHP Holdings, LP ("Plaintiff") and Defendants OH MHP Subsurface Investors, LLC ("OH") and LAR MHP, LLC ("LAR"). Plaintiff and OH filed briefs on March 29, 2013. Both assert that the Court has subject matter jurisdiction over the claims because they are "related to" the underlying Chapter 7 bankruptcy case of Robert D. Mordini, Jr. ("Debtor"). The Court has considered the briefs and the file in this matter, and being otherwise advised in the premises, concludes that it does not have subject matter jurisdiction over the claims asserted by Plaintiff against the non-debtor entities, OH and LAR. Accordingly, the Court's prior orders on these claims will be vacated and the claims will be dismissed, without prejudice.

**1. Plaintiff's Claims for Relief**

Plaintiff's amended complaint alleges a scheme by which the Debtor, through his related entities LAR and OH, caused Plaintiff to transfer valuable mineral interests to OH, thereby enabling Debtor, who at the time of the transfer owned a 90% interest in OH, to obtain a far greater share of the proceeds from the property than he would have had the property remained

with Plaintiff.

The amended complaint has sixteen claims for relief against some or all of the defendants. The claims for relief and the defendants against whom they are asserted are:

First - fraudulent conveyance against the Debtor, LAR, and OH
Second - fraudulent misrepresentation and concealment against the Debtor, LAR and OH
Third - conversion against the Debtor, LAR, and OH
Fourth - civil theft against the Debtor and OH
Fifth - embezzlement against the Debtor and LAR
Sixth - breach of fiduciary duty against the Debtor and LAR
Seventh - negligence against the Debtor and LAR
Eighth - conspiracy against the Debtor, LAR and OH
Ninth through Eleventh - nondichargeability against the Debtor
Twelfth - declaratory judgment against the Chapter 7 Trustee ("Trustee")
Thirteenth - constructive trust against the Debtor, LAR, and OH
Fourteenth - permanent injunction against OH and the Trustee
Fifteenth - quasi-contract/unjust enrichment against OH
Sixteenth - aiding and abetting breach of fiduciary duty against OH

## 2. Trustee's Counterclaims

The Trustee has asserted five counterclaims against Plaintiff. The counterclaims allege that two transfers made by Debtor to Plaintiff are avoidable and recoverable under 11 U.S.C. §§ 544, 547, 548(a)(1)(A), 548(a)(1)(B), and 550.

## 3. Procedural History

The Court has previously entered orders on dispositive motions relating to some of the claims against some or all of the parties. On June 8, 2012, the Court entered an order on OH's Partial Motion to Dismiss, dismissing with prejudice Plaintiff's First, Second, Third, Fourth, and Fourteenth claims for relief against OH. On May 31, 2012, the Court entered an order on Plaintiff's Motion for Default Judgment against LAR, granting judgment as to liability only on Plaintiff's Second, Sixth, Seventh, and Eighth claims for relief against LAR, denying with prejudice Plaintiff's First Third, and Fifth claims for relief against LAR, and denying without prejudice Plaintiff's Thirteenth claim for relief against LAR. All claims by Plaintiff against the Debtor were resolved by the Court's September 21, 2012 order granting Plaintiff's Motion for Entry of Consent Judgment and approving the stipulation between Plaintiff and the Debtor.

Only the following claims are presently before the Court: Claim Two for fraudulent misrepresentation and concealment as to damages against LAR; Claim Six for breach of fiduciary duty as to damages against LAR; Claim Seven for negligence as to damages against LAR; Claim Eight for conspiracy against OH and as to damages against LAR; Claim Twelve for declaratory judgment against the Trustee; Claim Thirteen for constructive trust against LAR and

OH; Claim Fifteen for quasi contract/unjust enrichment against OH; Claim Sixteen for aiding and abetting breach of fiduciary duty against OH; and all of the Trustee's Counterclaims against Plaintiff.

### 4. Discussion and Conclusion

The federal courts' subject matter jurisdiction regarding bankruptcy matters is described in 28 U.S.C. § 1334(a), which provides that "the district court shall have original and exclusive jurisdiction of all cases under title 11," and 28 U.S.C. § 1334(b), which provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceeding arising under title 11, or arising in or related to cases under title 11." In accordance with 28 U.S.C. § 157(a), these matters have been referred by the district court to the bankruptcy court.

A proceeding "arises under" the Bankruptcy Code if it asserts a cause of action created by the Code, such as avoidance actions. Proceedings "arising in" a bankruptcy case are those that could not exist outside of a bankruptcy case, but that are not causes of action created by the Bankruptcy Code. *Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 771 (10th Cir. BAP 1997).

The parties do not dispute, and the Court agrees, that Plaintiff's Twelfth Claim for Relief, which seeks a declaratory judgment that the mineral interests conveyed to OH are not property of the bankruptcy estate under 11 U.S.C. § 541, is a proceeding "arising in" the Debtor's bankruptcy case. *See, Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir. 1990). Thus, this Court has subject matter jurisdiction over this claim. The Court's also has subject matter jurisdiction over the Trustee's Counterclaims. These claims for avoidance and recovery of fraudulent or preferential transfers are causes of action created by the Bankruptcy Code and "arise under" title 11. *In re Midgard Corp.*, 204 B.R. at 771.

The remaining claims are state law causes of action by Plaintiff against OH and LAR. Neither Plaintiff, OH, or LAR is a debtor, the claims do not directly involve property of the bankruptcy estate, and the claims exist independently of this bankruptcy case. They do not "arise in" or "arise under" the bankruptcy case, so the Court's subject matter jurisdiction to adjudicate them depends on if the claims are "related to" the underlying bankruptcy case.

The Debtor's bankruptcy estate owns a 100% membership interest in OH and a 50% ownership interest in LAR. Both Plaintiff and OH argue that the claims between them are "related to" Debtor's bankruptcy case because their resolution will impact the value of the estate's ownership interests in Plaintiff and OH.[1] Plaintiff and OH cite this broadly worded, but more narrowly applied, test from *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984): "a civil proceeding is related to a bankruptcy case if the outcome of that proceeding could

---

[1] Parties cannot consent to subject matter jurisdiction, and it is the Court' responsibility to determine whether such jurisdiction exists even absent a challenge by a party to the litigation. *Williams v. Life Sav. and Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986).

conceivably have any effect on the estate being administered in bankruptcy."  Plaintiff and OH argue that if Plaintiff is successful on its claims against OH and LAR, there will be a significant effect on the assets and liabilities of OH and LAR, and a corresponding effect on the value of the estate's ownership interests in these entities.  While perhaps this nexus falls within the literal language of *Pacor's* "any conceivable effect" standard, the test has been more restrictively applied in practice.  In *Pacor* itself the court ruled that a proceeding between a personal injury claimant and a material supplier was not related to the bankruptcy of the material manufacturer, even though a judgment against the supplier could have led to liability of the debtor/manufacturer.  Further, focusing only on the "any conceivable effect" language in *Pacor* ignores other limiting language in the opinion describing an action as "related" if "the outcome could alter the debtor's rights liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id*.

The Tenth Circuit's leading case on "related to" jurisdiction put a further limitation on the *Pacor* test, stating that "the bankruptcy court lacks related jurisdiction to resolve controversies between third party creditors which do not involve the debtor or his property unless the court cannot complete administrative duties without resolving the controversy."  *In re Gardner*, 913 F.2d at 1518.  In *Gardner,* the court held the bankruptcy court was deprived of subject matter jurisdiction to determine competing claims of creditors to certain marital property when the order of a state court in a divorce action divested debtor of any interest in the property, even though the debtor had an inchoate interest in the property at the outset of the litigation.

Given the limits placed on the application of the broadly worded tests for "related to" jurisdiction, the Court believes that the economic effect of litigation on the value of a separate non-debtor entity in which a debtor owns an equity interest is insufficient to create such jurisdiction.  This concept extends "related to" jurisdiction too far, potentially expanding the bankruptcy court's jurisdiction to any lawsuit involving any corporation in which the debtor owns stock.  Under such an expansive interpretation of "related to" jurisdiction, if a debtor owned a single share of a corporation, all litigation of that corporation, in whatever court around the globe, would be brought within the reach of "related to" jurisdiction of the bankruptcy court in which the debtor had filed its case.  It is highly unlikely that "related to" jurisdiction of 28 U.S.C. § 1334(b) was intended to cast such a broad net.  As noted by the Bankruptcy Court in the Southern District of New York in *Tower Automotive Mexico v. Grupo Proeza, S.A.* (*In re Tower Automotive, Inc*.), 356 B.R. 598 (Bankr. S.D.N.Y. 2006),

> [There is no] principled basis for a holding that a bankruptcy court has jurisdiction over a dispute involving a non-filed subsidiary without the court thereby acquiring jurisdiction over any dispute involving such subsidiary, so long as the resolution of that dispute could have a significant impact on the value of the entity. For example, a Chapter 7 debtor's distributable assets might consist exclusively of the stock of a multinational corporation, but that happenstance would not give the bankruptcy court jurisdiction of a patent or antitrust dispute involving that corporation, no matter how important to its financial well-being.

356 B.R. 602.

For this reason, this Court concludes that it does not have subject matter jurisdiction over the state law claims by Plaintiff against LAR and OH and that they must be dismissed. The Court's prior orders disposing of some of these claims in whole or in part must be vacated as well. The only claims within this Court's subject matter jurisdiction remaining for determination in this adversary proceeding are Plaintiff's claim for declaratory relief against the Trustee (Twelfth Claim for Relief) and the Trustee's counter claims. Accordingly, it is

ORDERED that Plaintiff's First through Eighth and Thirteenth through Sixteenth claims are dismissed, without prejudice, as to LAR and OH, and it is

FURTHER ORDERED that the Court's prior orders on Plaintiff's First through Eighth and Thirteenth through Sixteenth Claims, with respect to LAR and OH, are vacated.

DATED: May 1, 2013                    BY THE COURT:

_____
A. Bruce Campbell,
United States Bankruptcy Judge

.